OPINION
{¶ 1} Appellant, Joshua J. Brown, born on September 8, 1985, was charged on August 16, 2001, with possession of crack cocaine, a felony of the fifth degree in violation of R.C. 2925.11. Based on that charge, a delinquency complaint was processed in the Juvenile Branch of the Franklin County Court of Common Pleas. Appellant's motion to suppress evidence of the cocaine on the basis that the search warrant violated the United States and Ohio Constitutions was overruled by the magistrate of the court. Following an adjudicatory hearing, the magistrate found appellant to be a delinquent minor child who committed the offense of possession of crack cocaine in violation of R.C. 2925.11. Following a dispositional hearing, the magistrate placed appellant on probation until April 3, 2003, or until successful completion of all of Joshua's probation conditions.
 {¶ 2} The juvenile court overruled timely objections to the magistrate's report and entered the judgment as recommended by the magistrate.
 {¶ 3} Appellant appeals, asserting the following assignment of error:
The trial court erred when it overruled the objection to the magistrate's decision denying Mr. Brown's motion to suppress evidence seized from Mr. Brown during an unlawful search and seizure, and finding him to be a delinquent minor.
 {¶ 4} On August 15, 2001, Detective Anthony J. Garrison of the Columbus Division of Police, Narcotics Bureau, submitted an affidavit to a judge of the Franklin County Municipal Court seeking a search warrant of a residence, that was one-half of a double, located at 438 N. Garfield Avenue, Columbus, Ohio. In the affidavit, Garrison stated that he had personally seen crack cocaine being sold from the premises within the past 72 hours. He further stated that a confidential informant, who was carefully monitored by the police, purchased crack cocaine at that location when he went to the front door of 438 N. Garfield Avenue and was met by a female black who asked what he wanted. When he stated a "20," the female black yelled for a male black who walked to the door and took $20 and handed the informant one unit dose of crack cocaine and crumbs, which was field tested and tested positive for crack cocaine. Harrison further stated that the informant had given information in the past that led to the arrest of more than three illicit drug traffickers. Those purchases were made with city funds. Garrison further stated that the narcotics bureau's experience in executing numerous search warrants on locations where illegal contraband is stored or sold is that the sales are completed with more than the one person present on premises and that drugs, drug money, or other contraband may be concealed or transferred to any person inside the residence prior to police entry. The police requested authorization to search any person in the residence for contraband and/or drug money. The request was also to search in the nighttime because the cover of darkness would allow officers executing the warrant to approach the location undetected with less chance for the occupants to conceal or destroy the drugs.
 {¶ 5} The judge of the Franklin County Municipal Court who heard the following sworn testimony issued a warrant to search in the nighttime the premises known as 438 N. Garfield Avenue (a yellow with brown trim, two-story, half of a double) located on the northeast corner of Garfield and Atcheson, Columbus, Ohio, Franklin County, and the curtilage thereof. The authorization was to execute the search warrant within 72 hours after the issuance and with authority to search for cocaine; papers indicating occupancy and/or ownership; drug paraphernalia; drug records; drug monies and/or proceeds; weapons; other evidence of illicit drug trafficking unknown at this time; and authority to search any person or persons at such premises or curtilage, identities known or otherwise.
 {¶ 6} At about 11:00 p.m. on August 15, 2001, under the cover of darkness, a police squad consisting of many officers approached the residence and completed the search. Officer Tilson, one of the officers with 15 years experience in the Narcotics Bureau of the Columbus Police Department, encountered defendant on the porch of 438 N. Garfield Avenue, the half-double to be searched. Since defendant was on the curtilage of the property, Officer Tilson conducted a thorough search of him and found a rock of crack cocaine in his rear pocket. The lab test verified that it was three tenths gram of crack cocaine.
 {¶ 7} Appellant contends that the search was an illegal search and seizure in violation of the Fourth Amendment to the United States Constitution and Ohio law, and requested that the crack cocaine found as a result of the search be suppressed. As previously stated, the trial court rejected that request.
 {¶ 8} The search warrant issued in this case is what is known as an "all persons" search warrant where any person found within the area where the search is permitted may be fully searched, whether the person is known or unknown. The philosophy behind allowing an "all-persons" search under quite limited circumstances is that the search is conducted in a place and a time where it is highly unlikely that anyone who would not be reasonably expected to be involved either in the sale of the illegal drugs or the possession thereof would be searched.
 {¶ 9} The Ohio Supreme Court has carefully delineated the situations where an "all persons" warrant may be used without violation of the United States constitutional law or Ohio law in State v. Kinney (1998), 83 Ohio St.3d 85.
 {¶ 10} The Kinney court held that the "all persons" warrant was constitutional in the case where the place to be searched is a private residence where it is not likely that there will be innocent persons found. In Kinney, the location was a small private residence, which is the same situation in this case, a one-half double in a location where the residences are generally of modest size. The residence was well-described so that it was unlikely that the wrong location would be searched. The Kinney case also involved a nighttime search where the court held that it is less likely that innocent visitors would be present.
 {¶ 11} An additional requirement is that the private residence be identified as being very likely to be a drug trafficking house where a person within could be armed and dangerous. In this case, in the affidavit, Officer Garrison described a controlled buy by a confidential informant that was made within the past 72 hours. Furthermore, Officer Tilson testified at the hearing on the motion to suppress that he had observed additional drug activities at that premises.
 {¶ 12} The affidavit presented to the issuing judge described with some particularity a male and female who had participated in the sale from the door. No other persons were described as being on the premises. There was no evidence of innocent activity.
 {¶ 13} The Kinney court found that the guidelines set forth by the New York Court of Appeals in People v. Nieves (1975), 330 N.E.2d 26, are well considered and helpful for making probable cause determinations on an "all persons" warrant, quoting from the Nieves case, at 34, as follows:
"In determining the reasonableness of a particular warrant application, it is appropriate to consider the necessity for this type of search, that is, the nature and importance of the crimes suspected, the purpose of the search and the difficulty of a more specific description of the persons to be searched. The risk that an innocent person may be swept up in a dragnet and searched must be carefully weighed." * * *
 {¶ 14} Summing up, the Kinney court stated that, using these principles, magistrates may issue warrants authorizing a search of all persons without violating the particularity and probable cause requirements of the Fourth Amendment. In adopting these guidelines, the court stated that it did not intend to make the process of determining the sufficiency of an affidavit hyper-technical. Concluding that "[w]hen an `all persons' warrant is requested, determination of probable cause will still require practical, common sense decisionmaking by magistrates." Kinney, supra, at 95.
 {¶ 15} In the instant case, given the evidence in the affidavit as supplemented obviously by Detective Garrison, (1) the premises was small and private, (2) crack cocaine sales were ongoing, and (3) the search was to be conducted at night. The magistrate had logically concluded there was no significant possibility that innocent persons would be present in the double at the time of the search. Thus, there was a substantial basis for the magistrate's determination of probable cause. A reviewing court should give deference to the probable cause determination of the issuing magistrate. For these reasons, we find that the warrant in the case and the search conducted under its authority did not violate theFourth Amendment.
 {¶ 16} An additional matter was brought to the attention of the magistrate in the course of the motion to suppress. Appellant brought forth the fact that two other officers had conducted a buy by a confidential informant under police supervision on August 15, 2001, at 10:30 p.m., according to an affidavit from those officers. That confidential buy involved the informant entering the half double to complete the sale. In addition to adults described similar to those in the affidavit by Garrison, there were three children in the room ranging in ages from six months to five years. Officer Tilson, who made the search in this case, was not aware of that additional buy, which is understandable since it was completed shortly before the team executing this warrant came to the premises. Nevertheless, existence of that additional evidence validates the contention of the prosecution that the residence was continuing to be used as a cocaine/crack house. The argument made by appellant is that the police knew or should have known that there were three "innocent" persons in the residence and their presence would have invalidated an "all persons" warrant. We do not agree with that argument. In the first place, Officer Tilson stated that the three children, who were also present at the time of the raid, were not subjected to the search. He stated that officers used discretion and, unless there was some indication that the adults had hidden drugs on the person of the children, they would not be searched and that there was no such evidence in this case. Moreover, using the reasonable common-sense determination advocated by the Kinney court, the fact that the adults in the private residence were irresponsibly exposing their very small children to that activity, should not be determinative. These small children are not subject to being charged with a crime and do not constitute the "innocent persons" that the law desires to protect from a search that would not otherwise be permitted.
 {¶ 17} Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.